**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (SBN 257019)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: 949.885.4100
Facsimile: 949.885.4101

PATRICK E. MURRAY (SBN 293765)
pmurray@akingump.com
2029 Century City Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: 310.229.1000
Facsimile: 310.229.1001

ANTHONY T. PIERCE *[To Be Admitted Pro Hac Vice]*
apierce@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: 202.887.4000
Facsimile: 202.887.4288

Attorneys for Defendants VIZIO, INC. and COGNITIVE MEDIA NETWORKS, INC. (currently known as VIZIO INSCAPE TECHNOLOGIES, LLC)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBIN ANDERSON, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>VIZIO, INC., a California corporation, and COGNITIVE MEDIA NETWORKS, INC., a Delaware corporation,<br><br>           Defendants. | Case No. 3:16-cv-00409-RS<br><br>**JOINT MOTION AND STIPULATION TO STAY PROCEEDING; [~~PROPOSED~~] ORDER TO STAY**<br><br>Date:     To Be Set<br>Time:    To Be Set |

Pursuant to Civil L.R. 7-11 and 7-12, Plaintiff Robin Anderson ("Plaintiff") and Defendants VIZIO, Inc., and VIZIO Inscape Technologies, LLC (f/k/a Cognitive Media Networks, Inc.) (collectively "Defendants") hereby stipulate to, and respectfully move the Court for an Order to Stay Proceedings pending a ruling by the United States Panel on Multidistrict Litigation ("MDL Panel") on pending applications to transfer to U.S. District Court for the Central District of California for the following good cause:

1. Plaintiff has alleged certain claims, including a claim under the Video Privacy Protection Act ("VPPA"), against Defendants in connection with Plaintiff's alleged purchase of a "Smart Television" sold by Defendant VIZIO, Inc. The complaint primarily concerns Defendants' alleged collection and use of viewing information from Plaintiff's and other Smart Televisions sold by VIZIO, Inc.

2. As of the filing of this stipulation, fifteen cases, including the above-captioned action, are pending in seven different United States District Courts asserting closely related claims against VIZIO, Inc. and other defendants.[1] These actions are collectively referred to as the "VPPA Actions."

3. All pending VPPA Actions name VIZIO, Inc. as a defendant. Five cases name only VIZIO, Inc. and Cognitive Media Networks, Inc. (an entity that no longer exists and is now known as VIZIO Inscape Technologies, LLC) as defendants. Six cases also name VIZIO Holdings, Inc., VIZIO

---

[1] *Watts & Keeter v. VIZIO Holdings, Inc. et al.*, Case No. 8:15−cv−01860−JLS−KES, C.D. of California, filed November 11, 2015; *Weiss v. VIZIO, Inc.*, Case No. 8:15-cv-01984-JLS-KES, C.D. of California, filed November 25, 2015; *Reed v. Cognitive Media Networks, Inc. et al.*, Case No. 3:15-CV-05217-LB, N.D. of California, filed November 13, 2015; *Ogle v. VIZIO, Inc.*, 4:15-cv-00754-JM, E.D. of Arkansas, filed December 10, 2015; *Mason v. VIZIO Holdings, Inc. et al.*, Case No. 1:15-cv-11288, N.D. of Illinois, filed December 15, 2015; *Hodges & Richardson v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 8:15-cv-02090-JLS-KES, C.D. of California, filed December 16, 2015; *Levine v. VIZIO, Inc.*, Case No. 8:15-cv-02151-JLS-KES, C.D. of California, filed December 23, 2015; *Jewett et al. v. VIZIO, Inc.*, Case No. 3:15-cv-06281-JD, N.D. of California, filed December 29, 2015; *Sloan v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 8:15-cv-2166-JLS-KES, C.D. of California, filed December 29, 2015; *Pagorek v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 2:15-cv-00472-JD-PRC, N.D. of Indiana, filed December 30, 2015; *Eddy v. VIZIO, Inc., et al.*, Case No. 3:16-cv-00167-EDL, N.D. of California, filed January 11, 2016; *Craig v. VIZIO, Inc.*, Case No. 5:16-cv-00026-JSM-PRL, M.D. of Florida, filed January 19, 2016; *Anderson v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 3:16-cv-00409-SK, N.D. of California, filed January 22, 2016; *Dassa & Hinerfeld v. VIZIO Holdings, Inc. et al.*, Case No. 9:16-cv-80130-DMM, S.D. of Florida, filed January 25, 2016; *Milewski v. VIZIO Holdings, Inc., et al.*, Case No. 3:16-cv-00156-CJC-KES, C.D. of California, filed January 29, 2016.

Inscape Services, LLC, VIZIO Inscape Technologies, LLC, (f/k/a Cognitive Media Networks, Inc.) as defendants. Collectively, these entities are referred to herein as the "Vizio Defendants."

4. The VPPA Actions all allege that some combination of the Vizio Defendants disclosed the purportedly private information of individual users of VIZIO Inc.'s Internet-connected televisions to third parties. All VPPA Actions allege violations of the VPPA. The complaints also allege violations of various state consumer protection statutes. All of the cases are at the early stage of the litigation: complaints have been filed, but no responsive pleadings have been filed, no discovery has occurred, and there has been no motions practice.

5. On December 30, 2015, Plaintiff Daniel Levine filed a Motion for Transfer of Actions pursuant to 28 U.S.C. 1407, requesting that the MDL Panel transfer seven VPPA Actions – including the above-captioned action – to a single forum for consolidated or coordinated pretrial proceedings in the Central District of California. MDL No. 2693, Doc. No. 1.

6. On January 20, 2016, the Vizio Defendants filed a Subsequent Motion to Transfer also requesting to transfer the same seven cases, as well as certain additional actions filed after Plaintiff Levine's Motion to Transfer, to the Central District of California. MDL No. 2693, Doc. No. 45.

7. On January 20, 2016, Plaintiff Beau Wilcox filed a Response in Partial Opposition to Motion to Transfer. Wilcox agreed that the related actions should be consolidated for coordinated pretrial proceedings, but contended that the cases should be transferred to the Eastern District of Arkansas. MDL No. 2693, Doc. No. 42.

8. On January 20, 2016, Plaintiffs Palma Reed, Barry S. Weiss, Donald Mason, Deisha Hodges, Simone Richardson, Richard Jewett, David Quintanar, Ivee Tolbert, Charon Wright, Rory Zufolo, and Steven Eddy (MDL 2693, Doc. No. 48) filed a Response Supporting Transfer. Each of these Plaintiffs agreed that the VPPA actions should be coordinated or consolidated for pretrial proceedings in the Central District of California.

9. On January 20, 2016, Plaintiff Stanley Pagorek filed an Interested Party Response to Motion to Transfer. Pagorek agreed that the related actions should be coordinated and have consolidated pretrial proceedings but proposed that the cases be transferred to the Northern District of Indiana. MDL No. 2693, Doc. No. 43.

1      10.    On January 20, 2016, the following Plaintiffs submitted an Interested Party Response in Support of Transfer:  (1) Donald Mason (MDL No. 2693, Doc. No. 44); and (2) David Watts and Whitney Keeter (MDL No. 2693, Doc. No. 47).  Each of these Plaintiffs agreed that the VPPA Actions should be coordinated or consolidated for pretrial proceedings in the Central District of California.

      11.    On February 4, 2016, the Vizio Defendants filed a Brief in support of their Subsequent Motion to Transfer to further request the transfer of all of the then-pending VPPA actions to the Central District of California, Southern Division.  MDL No. 2693, Doc. No. 57

      12.    Presently, the MDL Panel has ordered that any Consolidated Responses are due on or before February 25, 2016. MDL No. 2693, Doc. No. 60.

      13.    Most critically, *all* counsel in each VPPA Action agree that the VPPA Actions concern the same subject matter and should be transferred to a single district.  Counsel only dispute the ultimate location and judge to whom the VPPA Actions should be transferred.  Counsel in the VPPA Actions agree that case management issues, including discovery and motion practice, for multiple cases involving the same subject matter should be coordinated by a single judge.

      14.    Plaintiff and Defendants stipulate that an interim stay of proceedings would further the purposes of MDL consolidation or coordination by conserving judicial resources, preventing inconsistent pretrial rulings, and promoting the interest of justice.  *See also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved.") (citation omitted); *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11–6580 DSF (FFMx), 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) ("The Court concludes that granting a stay pending the MDL panel's transfer determination would conserve judicial resources."); *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03–813GLT(ANX), 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003) (staying proceeding pending MDL decision to conserve judicial resources and avoid duplication of pre-trial efforts); *Hardin v. Merck & Co.*, No. C 07 0070 SBA, 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007) ("The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion.").

15. Plaintiff and Defendants agree that a temporary stay would not unduly prejudice any party.

16. Given the lack of prejudice, and given that Plaintiff and Defendants expect the Judicial Panel on Multidistrict Litigation ("JPML") to rule on the pending MDL applications within a reasonable amount of time, the parties believe it prudent to stay this case pending the issuance of the JPML's decision on whether to transfer the related cases to a single forum. Such a stay will maintain the status quo pending a decision on the MDL applications pending before the JPML, so the judge to whom these actions are ultimately transferred can at that time make all necessary case management decisions.

17. Defendants are seeking or will seek shortly a similar stay in all VPPA Actions. Substantively identical stipulations have already been filed in *Watts & Keeter v. VIZIO Holdings, Inc. et al.*, Case No. 8:15−cv−01860−JLS−KES, C.D. of California; *Weiss v. VIZIO, Inc.*, Case No. 8:15-cv-01984-JLS-KES, C.D. of California; *Reed v. Cognitive Media Networks, Inc. et al.*, Case No. 3:15-CV-05217-LB, N.D. of California; *Mason v. VIZIO Holdings, Inc. et al.*, Case No. 1:15-cv-11288, N.D. of Illinois; *Hodges & Richardson v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 8:15-cv-02090-JLS-KES, C.D. of California; *Levine v. VIZIO, Inc.*, Case No. 8:15-cv-02151-JLS-KES, C.D. of California.

18. Plaintiff and Defendants specifically agree and stipulate that, by joining in this stipulation, Defendants are not and have not waived or forfeited any right or defense in this case.

19. Defendants have further agreed that, within fourteen days after entry of an Order staying the instant litigation, Defendants will provide all plaintiffs' counsel in each VPPA Action with (a) copies of the insurance policies under which an insurer may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment; and (b) the names of witnesses Defendants at this time intend to present in defense of the action along with the corporate title or position of the witnesses identified and a general overview of what the witnesses have knowledge of. Plaintiff and Defendants understand that Defendants' review of the facts is ongoing.

1  Plaintiff and Defendants hereby stipulate to the above facts, and request an order (a) staying all proceedings in the above-captioned action (including Defendants' obligations to respond to the Complaint) until 30 days after the JPML decides whether to include this case in any centralized proceedings under 28 U.S.C. § 1407; and (b) vacating all current deadlines, including any deadlines to respond to the Complaint.

Plaintiff and Defendants further respectfully propose that, if this Court continues to preside over this action after the JPML has ruled on the pending Applications, the Court can set a status conference at which time the parties can brief the Court on the status of the VPPA Actions and the Court can set any relevant case management deadlines.

Respectfully submitted,

Dated: February 17, 2016

**KAZEROUNI LAW GROUP, APC**
ABBAS KAZEROUNIAN
ANDREI ARMAS

By  s/ *Andrei Armas*
    Andrei Armas
*Attorneys for Plaintiff ROBIN ANDERSON*

Dated: February 17, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM
PATRICK E. MURRAY
ANTHONY T. PIERCE

By  s/ *Hyongsoon Kim*
    Hyongsoon Kim
*Attorneys for Defendants VIZIO, INC. and COGNITIVE MEDIA NETWORKS, INC. (currently known as VIZIO INSCAPE TECHNOLOGIES, LLC)*

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated:  2/18/16

_____
RICHARD SEEBORG
United States District Judge